UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

OCT 3 0 2009

Clerk, U.S. District and
Bankruptcy Courts

Robert A. Reed,                    )
                                   )
                Petitioner,        )
                                   )
        v.                         )        Civil Action No.   **09 2053**
                                   )
John Caulfield *et al.*,           )
                                   )
                Respondents.       )

MEMORANDUM OPINION

This matter is before the Court on its initial review of the petition for a writ of *habeas corpus* filed *pro se* and the accompanying application to proceed *in forma pauperis*. The Court is obligated either to issue the writ or to order the respondent to show cause why the writ should not issue "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Court will grant the *in forma pauperis* application and dismiss the case.

Petitioner is a pretrial detainee at the District of Columbia's Correctional Treatment Facility awaiting trial in the Superior Court of the District of Columbia on a charge of first-degree child sex abuse. Pet. at 2. The gravamen of the petition challenges the criminal prosecution. Specifically, petitioner claims that the prosecuting witness was coerced into providing a statement, offers an alibi defense, questions the authority of the prosecuting attorney and the arresting police officer, and challenges the Superior Court's jurisdiction. Pet. at 5-6. He seeks "immediate release from unlawful confinement." *Id.* at 5.

"[A] federal court may dismiss an action when there is a direct conflict between the exercise of federal and state jurisdiction and considerations of comity and federalism dictate that

*3*

the federal court should defer to the state proceedings." *Hoai v. Sun Refining and Marketing Co.,*

*Inc.,* 866 F.2d 1515, 1517 (D.C. Cir. 1989) (citing *Younger v. Harris*, 401 U.S. 37, 43-45 (1971);

*Pennzoil Co., v. Texaco, Inc.,* 481 U.S. 1, 9-10 (1987)).  Such is the case here because petitioner

will have the opportunity to litigate the underlying claims of this action in the pending criminal

proceeding in Superior Court.  *See Bridges v. Kelly*, 84 F.3d 470, 476 (D.C. Cir. 1996) (finding

*Younger* doctrine applicable "when there are ongoing [judicial] state proceedings [that] implicate

important state interests [and] afford an adequate opportunity in which to raise the federal

claims").  Given "the fundamental policy against federal interference with state criminal

prosecutions" absent a showing of irreparable injury, *Younger*, 401 U.S. at 46, this Court--which

would necessarily have to reach the merits of the criminal prosecution to resolve the habeas

petition--will dismiss the case.[1]  A separate Order accompanies this Memorandum Opinion.

United States District Judge

Date: October *16*, 2009

---

[1] *Cf. Younger*, 401 U.S. at 49 ("[T]he injury that Harris faces is solely that incidental to every criminal proceeding brought lawfully and in good faith . . . and therefore under the settled doctrine we have already described he is not entitled to equitable relief even if such statutes are unconstitutional.") (citation and internal quotation marks omitted).