UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
ROBERT A. REED,                     )
                                    )
       Petitioner,                )
                                    )
  v.                              )  Civil Action No. 09-2053 (PLF)
                                    )
JOHN CAULFIELD, et al.,             )
                                    )
       Respondents.               )
_____ )

MEMORANDUM OPINION AND ORDER

This matter is before the Court to determine whether a certificate of appealability is warranted. The Court denied petitioner's petition for a writ of *habeas corpus* by Memorandum Opinion and Order of October 16, 2009. See Reed v. Caulfield, Civil Action No. 09-2053, Memorandum Opinion and Order (D.D.C. Oct. 16, 2009). Petitioner appealed the decision to the United States Court of Appeals for the District of Columbia Circuit. The court of appeals is holding petitioner's matter in abeyance pending notification from this Court of the issuance of a certificate of appealability, or a statement why a certificate should not issue. The Court concludes that a certificate of appealability is not warranted and therefore declines to issue one.

In a *habeas corpus* proceeding where the applicant complains of detention arising from process issued by a state court, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." See FED. R. APP. P. 22(b)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as

here, the Court denied the *habeas* petition on procedural grounds without reaching any underlying constitutional claims, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." See Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

When petitioner filed his petition, he was a pretrial detainee awaiting trial in the Superior Court of the District of Columbia on a charge of first degree child sex abuse. See Pet. at 2. The petition challenged petitioner's criminal prosecution and sought his "immediate release from unlawful confinement." See id. at 5-6. The Court denied the petition while petitioner was still awaiting trial. Since then, however, a jury has found petitioner guilty of various offenses, and he was sentenced on May 21, 2010; petitioner filed a notice of appeal on June 7, 2010. See District of Columbia Superior Court, http://www.dccourts.gov/pa/, Crim No. 2009-CF1-015815 (last visited Aug. 26, 2010). Since petitioner "is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted." See Thorne v. Warden, 479 F.2d 297, 299 (2d Cir. 1973).

Moreover, even if petitioner's claim regarding his detention were not moot, the Court concludes that petitioner has not made a substantial showing that a constitutional right was denied to him. Because the petition was brought while petitioner was awaiting trial, it was governed by 28 U.S.C. § 2241. Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987) ("Pre-

trial petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against [them]."); see also Williams v. Warden-Cent. Det. Facility, 538 F. Supp. 2d 74, 76 (D.D.C. 2008). And while Section 2241 establishes jurisdiction in the federal courts to consider pretrial *habeas corpus* petitions, it is established that federal courts generally should abstain from the exercise of that jurisdiction "if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." Dickerson v. Louisiana, 816 F.2d at 225. Indeed, "[p]rior to a judgment of conviction in state court, 'federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court.'" Williams v. Warden-Cent. Det. Facility, 538 F. Supp. 2d at 76 (quoting Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 489 (1973)).

"[A] federal court may dismiss an action when there is a direct conflict between the exercise of federal and state jurisdiction and considerations of comity and federalism dictate that the federal court should defer to the state proceedings." Hoai v. Sun Ref. and Mktg. Co., Inc., 866 F.2d 1515, 1517 (D.C. Cir. 1989) (citing Younger v. Harris, 401 U.S. 37, 43-45 (1971); Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 9-10 (1987)). This deference preserves "the delicate and important balance between vigorous protection of federal rights and an appropriate respect for the state conduct of state matters." See In re Justices of the Superior Court Dep't of the Ma. Trial Court, 218 F.3d 11, 18 (1st Cir. 2000). As the Court stated in its Memorandum Opinion of October 16, 2009, this "'fundamental policy against federal interference with state criminal prosecutions'" required that the petition be dismissed. See Reed v. Caulfield, Civil Action

3

No. 09-2053, at 2 (quoting Younger v. Harris, 401 U.S. at 46). As the Court noted, petitioner would have the opportunity to litigate his underlying claims in the then pending criminal proceeding in the Superior Court, and none of petitioner's claims presented "special circumstances" justifying federal intervention. See In re Justices of the Superior Court Dep't of the Ma. Trial Court, 218 F.3d at 19; Williams v. Warden-Cent. Det. Facility, 538 F. Supp. 2d at 77. Accordingly, given the clear case for abstention, petitioner has not made the showing necessary for issuance of a certificate of appealability.[1]

Because petitioner's *habeas corpus* petition is moot and, even if not moot, does not present a substantial constitutional issue, the Court concludes that a certificate of appealability under 28 U.S.C. § 2253(c)(2) is not warranted. Accordingly, it is hereby

ORDERED that no certificate of appealability shall be issued; and it is

FURTHER ORDERED that the Clerk of this Court is directed promptly to notify the Clerk of the court of appeals of this Memorandum Opinion and Order and provide a copy to him.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
DATE: August 26, 2010                                              United States District Judge

---

[1] After the Court denied the petition in this case, petitioner filed another *habeas corpus* petition raising similar claims. See Reed v. Wainwright, Civil Action No. 10-0807, 2010 WL 1980170 (D.D.C. May 17, 2010). A different judge of this Court also denied the petition on procedural grounds, "refrain[ing] from interfering with ongoing Superior Court proceedings." See id. at *1 (citing Younger v. Harris, 401 U.S. at 45).

4